UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:13CV-00167-HBB

CARSON GODBEY     PLAINTIFF

VS.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security     DEFENDANT

## MEMORANDUM OPINION AND ORDER

### BACKGROUND

Before the Court is the complaint (DN 1) of Carson Godbey ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Both the Plaintiff (DN 17) and Defendant (DN 19) have filed a Fact and Law Summary.

Pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 11). By Order entered January 24, 2014 (DN 12), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted. No such request was filed.

FINDINGS OF FACT

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income payments on June 16, 2011 (Tr. 11, 171-174, 175-180). Plaintiff alleged that he became disabled on October 31, 2010, as a result of a neck injury (Tr. 11, 171, 175, 201).

Administrative Law Judge Don C. Paris ("ALJ") evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 87-91). Notably, the ALJ did not conduct an administrative hearing because he concluded the evidence in the record supported a fully favorable decision (Tr. 87). At the first step, the ALJ determined that Plaintiff has not engaged in substantial gainful activity since October 31, 2010, the alleged onset date (Tr. 89). At the second step, the ALJ found Plaintiff's degenerative disc disease of the cervical spine with polyradiculopathy constituted a severe impairment (Tr. 89). At the third step, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in Appendix 1 (Tr. 89). At the fourth step, the ALJ found Plaintiff has the residual functional capacity to perform less than eight hours of work per day (Tr. 90). The ALJ explained the evidence in the record shows Plaintiff "is unable to perform sustained work activities in an ordinary work setting on a regular and continuing basis due to his severe impairments" (Tr. 90). Therefore, the ALJ concluded Plaintiff is unable to perform any past relevant work (Tr. 90). At the fifth step, the ALJ noted if Plaintiff had the residual functional capacity to perform a full range of sedentary work then a finding of disabled would be directed by Medical-Vocational Rule 201.14 in Appendix 2 (Tr. 90-91). Essentially, the ALJ found Plaintiff has been disabled from October 31, 2010, through the date of his decision because he lacks the residual functional capacity to perform even sedentary work (Tr. 90-91).

On December 9, 2011, the Appeals Council reviewed the ALJ's decision and concluded it was not supported by substantial evidence (Tr. 116). Therefore, the Appeals Council set aside the ALJ's favorable decision and sent the case back to the ALJ with instructions to conduct further proceedings and issue a new decision (Tr. 116-120). On December 21, 2011, Plaintiff filed a second application for Disability Insurance Benefits (DN 181-182).

On January 10, 2013, the ALJ conducted a video hearing from Lexington, Kentucky (Tr. 24-26). Plaintiff appeared in Campbellsville, Kentucky, and was represented by attorney M. Gail Wilson (Tr. 24-26). Also testifying during the hearing was Betty Hale, a vocational expert (Tr. 24-26).

In a decision dated January 31, 2013, the ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 11-19). At the first step, the ALJ found Plaintiff has not engaged in substantial gainful activity since October 31, 2010, the alleged onset date (Tr. 13). At the second step, the ALJ determined Plaintiff's degenerative disc disease of the cervical spine status post anterior cervical discectomy and fusion at C6-7 are "severe" impairments within the meaning of the regulations (Tr. 13). At the third step, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Tr. 15).

At the fourth step, the ALJ found Plaintiff has the residual functional capacity to perform a range of light work because he can occasionally lift and carry 20 pounds and frequently lift and carry 10 pounds; he can stand or walk six hours during an eight-hour workday; he can sit six hours during an eight-hour workday; he can no more than frequently push and/or pull or operate hand controls with the left arm or hand; he can no more than frequently climb ladders, ropes, or scaffolds; he can perform no more than frequent overhead reaching with left arm or hand (due to

status post cervical discectomy); and no more than frequently bend, stoop, crouch, and crawl (Tr. 15). Relying on testimony from the vocational expert, the ALJ found that Plaintiff is unable to perform any of his past relevant work (Tr. 17).

The ALJ proceeded to the fifth step where he considered Plaintiff's residual functional capacity, age, education, and past work experience as well as testimony from the vocational expert (Tr. 17-19). The ALJ found that Plaintiff is capable of performing a significant number of jobs that exist in the national economy (Tr. 17-19). Therefore, the ALJ concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act, from October 31, 2010, through the date of the decision, January 31, 2013 (Tr. 19).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 7). The Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-4, 5, 6).

## CONCLUSIONS OF LAW

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities. 42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income). The term "disability" is defined as an

> [i]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months.

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a),

416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. See "Evaluation of disability in general," 20 C.F.R. §§ 404.1520, 416.920. In summary, the evaluation proceeds as follows:

1) Is the claimant engaged in substantial gainful activity?

2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

4) Does the claimant have the residual functional capacity to return to his or her past relevant work?

5) Does the claimant's residual functional capacity, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied Plaintiff's claim at the fifth step.

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-4). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); see 42 U.S.C. § 405(h) (finality of the Commissioner's decision).

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. Section 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Secretary of Health and Human

Services, 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting Casey v. Secretary of Health and Human Serverices, 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." Cohen v. Secretary of Health and Human Services, 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

Plaintiff challenges Finding No. 3 (DN 17, Fact and Law Summary at Pages 3-4). In Finding No. 3, the ALJ determined Plaintiff "has the following severe impairment: degenerative disc disease of the cervical spine status post anterior cervical discectomy and fusion at C6-7" (Tr. 13).

Plaintiff argues the ALJ failed to discuss the evidence regarding his lumbar spine issues and determine whether they constitute a severe impairment (DN 17, Fact and Law Summary at Pages 3-4). Plaintiff contends his testimony--about four lumbar surgeries and continuing to suffer from back pain and discomfort--is substantial evidence showing his lumbar spine issues are a severe impairment (DN 17, Fact and Law Summary at Pages 3-4).

Defendant argues Plaintiff's testimony is not enough to establish a severe impairment relating to his lumbar spine (DN 19, Fact and Law Summary at Page 4). Further, Defendant points out that Plaintiff has waived this claim because he has not discussed what, if any, additional functional limitations the ALJ should have included in his residual functional capacity assessment to account for his lumbar spine impairment (DN 19, Fact and Law Summary at Pages 4-5).

6

Finding No. 3 addresses the second step in the five step sequential evaluation process.  At the second step, a claimant must demonstrate he has a "severe" impairment.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988) (per curiam).  To satisfy this burden, the claimant must show he suffers from a "medically determinable" physical or mental condition that satisfies the duration requirement (20 C.F.R. §§ 404.1509, 416.909) and "significantly limits" his ability to do one or more basic work activities.  20 C.F.R. §§ 404.1520(a)(4)(ii) and (c), 416.920(a)(4)(ii) and (c); Social Security Ruling 96-3p; Social Security Ruling 96-4p; Higgs, 880 F.2d at 863.  Alternatively, the claimant must show he suffers from a combination of impairments that is severe and meets the duration requirement.  20 C.F.R. § 404.1520(a)(4)(ii) and (c).  An impairment is "non-severe" or "not severe" if it is a slight abnormality that no more than minimally affects the claimant's ability to do basic work activities.  20 C.F.R. §§ 404.1521(a), 416.921(a); Higgs, 880 F.2d at 862; Farris v. Secretary of Health and Human Services, 773 F.2d 85, 89-90 (6th Cir. 1985).

To satisfy the "medically determinable" requirement the claimant must present objective medical evidence (i.e., signs, symptoms, and laboratory findings) that demonstrates the existence of a physical or mental impairment.  20 C.F.R. § 416.908; Social Security Ruling 96-4p, 1996 WL 374187, *1; Social Security Ruling 96-3p, 1996 WL 374181, *2.  Thus, symptoms and subjective complaints alone are not sufficient to establish the existence of a "medically determinable" physical or mental impairment.  Social Security Ruling 96-4p, 1996 WL 374187, *1.  Clearly, Plaintiff's testimony about his four lumbar surgeries in the 1990s and the 30 pound weight lifting limitation do not satisfy the "medically determinable" requirement (Tr. 33-34, 47-48).  Further, his testimony about returning to work and not abiding by the 30 pound weight restriction

undermines his assertion that the condition "significantly limits" his ability to do one or more basic work activities. 20 C.F.R. §§ 404.1520(a)(4)(ii) and (c), 416.920(a)(4)(ii) and (c); Social Security Ruling 96-3p; Social Security Ruling 96-4p; Higgs, 880 F.2d at 863. In sum, Plaintiff's assertion that Finding No. 3 is not supported by substantial evidence is without merit.

Next, Plaintiff argues the ALJ failed to comply with the Appeals Council's remand order (DN 17, Fact and Law Summary at Page 4). More specifically, Plaintiff asserts the ALJ failed to comply with the Appeals Council remand order that indicated the ALJ should request consultative examinations and medical source statements about what Plaintiff can still do despite the impairments (DN 17, Fact and Law Summary at Page 4). Plaintiff contends the remand order also directed the ALJ to obtain evidence from a medical expert to clarify the nature and severity of Plaintiff's impairment (DN 17, Fact and Law Summary at Page 4). Plaintiff points out the ALJ failed to comply with this directive (DN 17, Fact and Law Summary at Page 4). Finally, Plaintiff asserts the remand order indicated "as appropriate, the ALJ may request the treating and non-treating sources to provide additional evidence and/or further clarification of the opinions and medical source statements about what the Plaintiff can still do despite the impairments" (DN 17, Fact and Law Summary at Page 4). Plaintiff points out the ALJ failed to comply with this instruction (DN 17, Fact and Law Summary at Page 4).

Defendant asserts that under the Appeals Council remand order the ALJ was tasked with obtaining additional evidence that "may" (not "must" or "shall") include a consultative examination and medical expert statements, if warranted and available (DN 19, Fact and Law Summary at Pages 5-6; citing Tr. 80). Defendant argues the Appeals Council intended the ALJ determine whether this additional information was necessary (DN 19, Fact and Law Summary at Page 5). Further, Defendant contends the ALJ was not required to order a consultative

8

examination because there is substantial evidence in the record to support the ALJ's findings regarding each of Plaintiff's impairments (DN 19, Fact and Law Summary at Pages 5-6; citing 20 C.FR. §§ 404.1519, 416.919). Defendant suggests the ALJ did comply with the Appeals Council directive to obtain evidence from a medical expert to clarify the nature and severity of Plaintiff's impairments (DN 19, Fact and Law Summary at Page 6, citing Tr. 80).

The Court will begin by observing there is no consensus among federal courts regarding whether an ALJ's failure to follow Appeals Council directives in a remand order may serve as independent grounds for reversal absent other error. Schults v. Colvin, 2014 WL 798399, *3 (E.D. Ky. Feb. 27, 2014). "Differing opinions exist not only between circuits, but also among courts within the Sixth Circuit which has not considered this particular issue." Id. For example, at least two district courts within the Sixth Circuit have held they lacked jurisdiction to review what they viewed as an internal agency matter that arose prior to issuance of the Commissioner's final decision. Cooper v. Colvin, 2014 WL 2167651, *2 (W.D. Ky. May 23, 2014); Brown v. Commissioner of Social Security, 2009 WL 465708, *5 (W.D. Mich. Feb. 24, 2009). At least one district court within the Sixth Circuit has held this is a procedural error that denied plaintiff fair process and, therefore, it reversed the final decision of the Commissioner and, pursuant to sentence four of 42 U.S.C. § 405(g), remanded the case back to the Commissioner for further proceedings. Salvati v. Astrue, 2010 WL 546490, *5-8 (E.D. Tenn. Feb. 10, 2010). At least three district courts within the Sixth Circuit have for the purposes of the analysis, assumed, without deciding, that such an error may serve as an independent ground for reversal, and the court thus has jurisdiction to consider the issue. Kearney v. Colvin, 2014 WL 1091968, *7 (S.D. Ohio March 18, 2014); Schults v. Colvin, 2014 WL 798399, *3-4 (E.D. Ky Feb. 27, 2014); Long v. Commissioner of Social Security, 2012 WL 4009597, *2-3 (S.D. Ohio Sept. 12, 2012).

9

Here, on May 17, 2012, the Appeals Council issued an order vacating the ALJ's first decision and remanding the case back to the ALJ for further proceedings (Tr. 78-81). In pertinent part the remand order includes the following instructions to the ALJ:

> Obtain additional evidence concerning the claimant's impairments in order to complete the administrative record in accordance with the regulatory standards regarding consultative examinations and existing medical evidence (20 CFR 404.1512-1513). The additional evidence **may include**, if warranted and available, **consultative examinations and medical source statements** about what the claimant still can do despite the impairments.
>
> **Obtain evidence from a medical expert** to clarify the nature and severity of the claimant's impairment (20 CFR 404.1527(f) and Social Security Ruling 96-6p).
>
> Give consideration to the treating and nontreating source opinions pursuant to the provisions of 20 CFR 404.1527 and Social Security Rulings 96-2p and 96-5p, and explain the weight given to such opinion evidence. As appropriate, the Administrative Law Judge **may request** the treating and nontreating sources to provide **additional evidence and/or further clarification of the opinions and medical source statements** about what the claimant can still do despite the impairments (20 CFR 404.1512). The Administrative Law Judge may enlist the aid and cooperation of the claimant's representative in developing evidence from the claimant's treating sources.

(Tr. 80) (emphasis added). Clearly, the first and third paragraphs placed within the ALJ's sound discretion the decisions whether to request consultative examinations and medical source statements as well as whether to request additional evidence and/or further clarification of the opinions and medical source statement already in the record. Inasmuch as Plaintiff has not demonstrated the ALJ abused his discretion, the Court concludes there is no merit to this part of the claim.

On the other hand, the second paragraph sets forth a clear directive to the ALJ to "obtain evidence from a medical expert" (Tr. 80). Defendant argues "it appears [the ALJ] did comply with this mandate" because the "ALJ reviewed and gave weight to the opinions of two physicians who reviewed Plaintiff's medical records as medical experts" (DN 19, Fact and Law Summary at page 6, citing Tr. 17, 56-62, 63-71). The Court finds no merit to Defendant's argument because the medical opinions she is referring to predate the ALJ's first decision. If the Appeals Council wanted the ALJ to reassess those two medical opinions it would have so mandated. Instead, the Appeals Council clearly directed the ALJ to obtain new medical expert opinions clarifying the nature and severity of Plaintiff's impairment (Tr. 80). Therefore, the Court concludes the ALJ failed to comply with a clear mandate in the Appeals Council's remand order.

As previously mentioned, the <u>Cooper</u> and <u>Brown</u> courts have concluded the issue of whether an administrative law judge has complied with an Appeals Counsel order is an internal agency matter that § 405(g) does not provide the courts with the jurisdictional authority to review.[1]

---

[1] Judicial appeals of Social Security decisions are authorized by 42 U.S.C. § 405(g), which in pertinent part provides as follows:

> Any individual after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow.

"This provision clearly limits judicial review to a particular type of agency action, a final decision of the [Commissioner] made after a hearing." Califano v. Sanders, 430 U.S. 99, 108 (1977). Although § 405(g) limits judicial review to a "final decision of the Commissioner," that term is not defined in the statute. <u>Weinberger v. Salfi</u>, 422 U.S. 749, 766 (1975). <u>Id.</u> Instead, its meaning is left to the Commissioner "to flesh out by regulation." <u>Id.</u> (citing 42 U.S.C. § 405(a)). The regulations provide that a claimant must complete the following four-step administrative review procedure to obtain a judicially reviewable final decision of a claim for benefits: (1) an initial determination; (2) a reconsideration determination; (3) a hearing before an administrative law

Cooper, 2014 WL 216751, at *2; Brown, 2009 WL 465708, at *5-6. However, neither district court appears to have considered whether the failure to comply with the Appeals Counsel's remand order could rise to the level of a procedural error that denies the claimant fair process.

There are specific regulations that apply when the Appeals Council remands a matter to an administrative law judge. The first regulation reads as follows:

> Action by administrative law judge on remand. The administrative law judge **shall** take any action that is **ordered** by the Appeals Council and may take any additional action that is not inconsistent with the Appeals Council's remand order.

20 C.F.R. §§ 404.977(b); 416.1477(b) (emphasis added). The second regulation, in pertinent part, reads, "[[i]f the case is remanded by the Appeals Council, the procedures explained in [§§ 404.977 and 416.1477] **will be followed**." 20 C.F.R. §§ 404.983; 416.1483 (emphasis added). This means administrative law judge compliance with a remand order is a mandatory procedural requirement under the Commissioner's own regulations. Salvati v. Astrue, 2010 WL 546490, *5 (E.D. Tenn. Feb. 10, 2010) (citing Warren-Ward v. Commissioner Social Security, 2008 WL 2397390, *3 (M.D. Ala. June 10, 2008)). Thus, when an administrative law judge fails to comply with an emphatic directive (e.g., obtain evidence from a medical expert) within a remand order, the administrative law judge's decision does not comport with applicable procedural law.

---

judge; and (4) Appeals Council review. 20 C.F.R. §§ 404,900(a)(1)-(4); 416.1400(a)(1)-(4). Once a claimant completes these four steps, the Commissioner will have made her "final decision" and the claimant "may request judicial review by filing an action in a Federal district court." 20 C.F.R. §§404.900(a)(5); 416.1400(a)(5).

The district court in Salvati considered Sixth Circuit precedent regarding regulations that govern the decision making by administrative law judges and reached the following conclusions:

> The Court of Appeals for the Sixth Circuit has recently reconfirmed that an ALJ's failure to follow certain procedural requirements governing his decisionmaking "denotes a lack of substantial evidence, even where [his] conclusion may be justified based upon the record." Blakley v. Comm'r of Soc. Sec., No. 08–6270, 2009 WL 3029653 at *7 (6th Cir. September 24, 2009) (quoting Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 243 (6th Cir.2007)). In *Blakley*, the plaintiff's claim was remanded to the Commissioner because the ALJ failed to follow the procedural requirement of identifying reasons for discounting the opinions of treating physicians and explaining precisely how those reasons affected the weight accorded to the opinions. 581 F.3d 399, 2009 WL 3029653 at *7. The procedural requirement of "reason-giving" exists so that claimants can understand the disposition of their cases and so that a court can meaningfully review the ALJ's application of the general rule that the opinion of a treating source be given controlling weight. Id. (quoting Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 544 (6th Cir.2004)); *see also* 20 C.F.R. § 404.1527(d)(2). The fundamental purpose of the reason-giving requirement is to "ensure that each denied claimant receives **fair process**." Id. In *Blakley*, the Court of Appeals held that the ALJ's failure to follow the reason-giving requirement amounted to a denial of fair process and warranted remand because it made meaningful judicial review of the ALJ's decision impossible. Id. at *7, 9–10.
>
> The Court concludes that the reasoning in *Blakely* applies with equal force to the issue in this case. Like the reason-giving requirement of 20 C.F.R. § 404.1527(d)(2), the procedural requirement that an ALJ must follow the specific instructions given to him in a remand order from the Appeals Council exists to ensure that each claimant receives **fair process**. Therefore, an ALJ's failure to follow the dictates of a remand order is an error that necessitates remand when it makes meaningful judicial review of the ALJ's decision is [sic] impossible. *See id.* Whether the Court agrees with the Commissioner that substantial evidence supported the ALJ's ultimate determination of Plaintiff's mental RFC is irrelevant. Substantial evidence alone does not excuse non-compliance with the Appeals Council's remand order. *See* Wilson, 378 F.3d at 546 ("To recognize substantial evidence as a defense to non-compliance ... would afford the Commissioner the ability to violate the

13

> regulation with impunity and render the protections promised therein illusory. The general administrative law rule, after all, is for a reviewing court, in addition to whatever substantive factual or legal review is appropriate, to 'set aside agency action ... found to be ... without observance of procedure required by law.' " (quoting Administrative Procedure Act, 5 U.S.C. § 706(2)(D)(2001))).
>
> It is not the Court's place to reweigh the evidence contained in the record to make a determination about Plaintiff's mental RFC. *See* Longworth, 402 F.3d at 595. Instead, the Court must only look to see whether substantial evidence existed for the determination that was made by the ALJ. Warner, 375 F.3d 387. The Court finds that the ALJ's failure to follow the Appeals Council's order to "evaluate [Plaintiff]'s mental impairment in accordance with the special technique described in 20 CFR 404.1520a and 416.920a, documenting application of the technique in the decision by providing specific findings and appropriate rationale for each of the functional areas described in 20 CFR 404.1520a(c) and 416.920a(c)" denotes a lack of substantial evidence for his determination of Plaintiff's RFC. [Tr. 33]. The Court reiterates that the fact that the record may possess substantial evidence to support the ALJ's ultimate determination of Plaintiff's mental RFC is inapposite because the ALJ's procedural error denied Plaintiff fair process. *See* Blakley, 581 F.3d 399, 2009 WL 3029653 at *9–10. This case must be remanded because the ALJ's narrative decision does not provide the Court with any basis on which to engage in a meaningful review of his determination of Plaintiff's mental RFC. *See id.* The Court of Appeals published *Blakley* as a "modest reminder that the Commissioner must follow his own procedural regulations." 581 F.3d 399, 2009 WL 3029653 at * 10. In the same spirit, this Court now reminds the Commissioner that an ALJ cannot disregard the express instructions contained in a remand order from the Appeals Council. 20 C.F.R. § 404.977(b).

Salvati, 2010 WL 546490, at *6-7.

The Court agrees, the Commissioner's procedural requirement that an administrative law judge must follow the specific directives given to him or her in a remand order from the Appeals Council exists to ensure that each claimant receives fair process. The Court also agrees that an administrative law judge's failure to follow specific directives in the Appeals Council's order is an

error that requires a remand to the Commissioner when it makes meaningful judicial review of the administrative law judge's decision impossible.

Here, a substantial amount of new medical evidence regarding Plaintiff's cervical impairment was added to the record following remand by the Appeals Council (Tr. 318-398; Exhibits 7F-17F). For example, the updated medical evidence indicates on October 17, 2011, Dr. Shields performed an anterior cervical discectomy and bone graft fussion at C6-C7 and Dr. Johnson performed an anterior Kessel Alphatec cervical plating at C6-C7 (Tr. 383, 392, 394-395, 396). Additionally, the updated medical evidence contains treatment records regarding Plaintiff's cervical condition following these procedures (Tr. 318-398).

Dr. Swan, the nonexamining State agency physician, did not have the opportunity to consider any of this new medical evidence in formulating his opinions because he rendered his medical opinion more than a year earlier (Tr. 68-70). Thus, the opinions from this non-examining medical expert are dated. For this reason, Dr. Swan's opinions could not constitute substantial evidence to support the ALJ's findings regarding the nature and severity of Plaintiff's cervical impairment.[2] Yet the ALJ assigned moderate weight to the exertional limitations expressed by Dr. Swan (Tr. 15, 17, 68). Further, the ALJ imposed slightly more restrictive postural limitations

---

[2] "The regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual become weaker." Social Security Ruling 96-6p, 1996 WL 374180, *2 (July 2, 1996). "For example, the opinions of physicians or psychologists who do not have a treatment relationship with the individual are weighed by stricter standards, based to a greater degree on medical evidence, qualifications, and explanations for the opinions, than are required of treating sources." Id. For this reason the opinions of non-examining State agency physicians can be given weight only to the extent they are supported by the evidence in the record. 20 C.F.R. §§ 404.1527(f), 416.927(f); Social Security Ruling 96-6p, 1996 WL 374180, *2 (July 2, 1996); see also Atterbery v. Secretary of Health and Human Services, 871 F.2d 567, 570 (6th Cir. 1989) (Opinions of a non-examining State agency medical advisor that are consistent with the evidence of record represent substantial evidence to support the Administrative Law Judge's findings).

than what Dr. Swan expressed (Tr. 16, 17, 68-69). Clearly, meaningful judicial review of the ALJ's findings regarding Plaintiff's exertional and postural limitations is impossible because the record does not include a current opinion from a medical expert regarding the nature and severity of Plaintiff's impairment. Additionally, it appears that the ALJ, without the benefit of a current medical opinion to support his determinations, may have impermissibly interpreted the raw medical data in functioning terms when he assigned weight to Dr. Swan's dated restrictions and made findings regarding Plaintiff's exertional and postural limitations. See Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999) ("As a lay person, however, the ALJ was simply not qualified to interpret raw medical data in functioning terms and no medical opinion supported the determination."); see also Clifford v. Apfel, 227 F.3d 863, 870 (7th Cir. 2000) ("[A]n ALJ must not substitute his own judgment for a physician's opinion without relying on other medical evidence or authority in the record."); Rohan v. Chater, 98 F.3d 966, 968 (7th Cir. 1996) ("And, as this Court has counseled on many occasions, ALJs must not succumb to the temptation to play doctor and make their own independent medical findings."); Lennon v. Apfel, 191 F.Supp.2d 968, 977 (W.D. Tenn. 2001) (ALJ gave into the temptation to play doctor when he made functional findings based on his own interpretation of the treating physician's findings).

Clearly, Plaintiff has not received fair process as a result of the ALJ's failure to comply with the Commissioner's procedural requirement regarding directives in remand orders. Moreover, this case must be remanded to the Commissioner because the ALJ's failure to follow the Agency's procedural rule has resulted in a final decision that does not provide the Court with any basis on which to engage in a meaningful review of his residual functional capacity determination. Wilson v. Commissioner of Social Security, 378 F.3d 541, 544 (6th Cir. 2004).

The Court finds the ALJ's decision is not supported by substantial evidence based on his violation of the agency's procedural rules. It may be true that, on remand, the ALJ will reach the same conclusion as to Plaintiff"'s disability while complying with the Commissioner's procedural requirement regarding directives in remand orders. Nevertheless, Plaintiff will then be able to understand the ALJ's rationale and the procedure through which the decision was reached. Further, the final decision of the Commissioner will provide the Court with a basis on which to engage in a meaningful review of how the decision was reached. Therefore, the final decision of the Commissioner must be reversed and the case remanded, pursuant to sentence four of 42 U.S.C. § 405(g), with instructions to remedy this defect in the original proceedings. <u>Faucher v. Secretary of Health and Human Services</u>, 17 F.3d 171, 175 (6th Cir. 1994).

In light of the above conclusions, the Court deems it unnecessary to address Plaintiff's argument regarding the ALJ's credibility assessment (DN 17, Fact and Law Summary at Page 6).

<u>ORDER</u>

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is reversed.

**IT IS FURTHER ORDERED** that the case is remanded to the Commissioner, pursuant to sentence four of 42 U.S.C. § 405(g), with instructions to conduct further proceedings consistent with this memorandum opinion.

Copies:	Counsel